UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESTATE OF LINDA YANNONE,
by and through BRIAN
MCNAMARA, personal
representative on behalf of the
estate,

        Plaintiff,

v.                            Case No.:  2:26-cv-110-SPC-NPM

ARENA FOOD SERVICE, INC.
and INB NATIONAL
ASSOCIATION,

        Defendants.

---

**OPINION AND ORDER**

Before the Court is Plaintiff the Estate of Linda Yannone's, by and through Brian McNamara as the personal representative of the Estate ("Estate"), motion to remand.  (Doc. 25).  Defendant Arena Food Service, Inc. ("Arena") responded.  (Doc. 31).  For the below reasons, the Court grants the Estate's motion.

This is a petition to release stock dividends that the Estate asserts it is entitled to receive.  (Doc. 5).  In December 2024, Linda Yannone passed away. At the time of her death, Yannone owned 258 shares of Arena stock.  According to Arena, its shareholders' agreement ("Agreement") includes provisions

governing the transfer of shares upon a shareholder's death.  Arena asserts that the Agreement states that when a shareholder dies, the remaining shareholders may purchase the decedent's shares.  According to Arena, the Estate refused to sell the shares in accordance with the Agreement's processes.

Arena sued the Estate in the Circuit Court for the Seventh Judicial Circuit in Sangamon County, Illinois, seeking declaratory relief and breach of contract regarding the Estate's refusal to sell its shares.  (Doc. 1 ¶ 1).  The Estate removed that case to the United States District Court for the Central District of Illinois ("Illinois Action").  (*Id.* ¶ 2).  The Estate then filed a motion to transfer the Illinois Action to the Middle District of Florida, but the presiding judge denied the Estate's transfer request.  *See Arena Food Serv., Inc. v. Est. of Yannone*, No. 25-CV-3311, 2026 WL 146536 (C.D. Ill. Jan. 16, 2026).

After the Estate moved to transfer the Illinois Action, Arena issued a Notice of Special Meeting ("NSM") to decide whether the Estate should continue to receive dividends while litigation over Arena's shares is pending.  At the NSM, a motion was passed unanimously to place the funds in an interest-bearing account until the litigation is resolved.

In response, the Estate filed a Petition for an Order to Release Estate Assets ("Petition") in the Probate Division of the Circuit Court of the Twentieth Judicial Circuit, in and for Collier County, Florida, against Arena and INB

National Association ("INB"), the bank that currently holds the dividend funds in an account titled "Arena Food Service Inc, Escrow Account for Disputed Dividends" ("Account"). (Doc. 1 ¶ 5). The Estate seeks the release of dividend payments totaling $16,770, attorney's fees, and injunctive relief "prohibiting [Arena] from further withholding dividends." (Doc. 5 at 3). Arena removed the case to this Court by invoking diversity jurisdiction. (Doc. 1). Arena then moved to transfer this case to the Central District of Illinois. (Doc. 18). The Estate opposes transfer (Doc. 23) and filed the motion to remand currently before the Court. (Doc. 25).

The Estate argues remand is warranted because (1) INB failed to timely consent to the removal; and (2) Arena fails to establish that the amount in controversy requirement is met.[1] The Court addresses these issues in turn.

First, the Court evaluates whether Arena violated removal procedures. 28 U.S.C. 1446(b)(2)(A) states that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." This is known as the "unanimity rule." There are three exceptions to the unanimity rule: where "(1) the non-consenting defendants had not been served with process at the time the notice of removal was filed; (2) the [non]consenting defendants are nominal

---

[1] The Estate does not challenge that diversity of citizenship exists among the parties.

or formal defendants; or (3) removal is pursuant to § 1441(c)." *Diebel v. S.B. Trucking Co.*, 262 F. Supp. 2d 1319, 1329 (M.D. Fla. 2003) (quotation omitted).

The Court finds that the second exception applies here. INB's only connection to this lawsuit is that it holds the disputed dividends in the Account. (Doc. 1 ¶ 1). Therefore, INB is a nominal party whose consent is not needed for removal. *See Hernandez v. Ferris*, 917 F. Supp. 2d 1224, 1227 (M.D. Fla. 2012) (denying motion to remand and concluding that financial institution defendants whose "only connection to [the] case relates to the custody of the relevant financial accounts" are nominal defendants). So the Court rejects the Estate's argument regarding INB's lack of timely consent to removal.[2]

Next up, the amount in controversy. Federal courts have diversity jurisdiction over civil actions where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). The Court's "analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). Ultimately, the question is whether the notice of removal establishes by "a preponderance of the evidence that the amount in

---

[2] Arena points to the fact that INB filed a belated notice indicating its consent to removal and argues this "cured" any procedural violation. (Doc. 31 at 5, 6). The Court does not address this argument because INB's consent is unnecessary for removal.

4

controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citation omitted). And "all doubts about jurisdiction should be resolved in favor of remand to state court." *Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1359 (11th Cir. 2021) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)).

In its notice of removal, Arena alleges that the amount in controversy exceeds $75,000 because the Estate seeks "injunctive relief prohibiting Arena . . . from further withholding . . . [future] dividends." (Docs. 1 ¶ 14). In support, Arena notes that from 2022 to 2024 the Estate received annual dividend payments totaling "$207,690, $171,570, and $153,510 respectively." (*Id.*). Arena points out that the Estate also seeks attorney's fees. (*Id.* ¶ 13). Additionally, Arena states that in the Illinois Action, the Estate claims the shares at issue are valued at $1,017,772.59. (*Id.* ¶ 15). Based on these allegations, Arena asserts that the amount in controversy exceeds $75,000.

Arena fails to establish that the amount in controversy requirement is met. First, Arena's allegations regarding future dividend payments are inadequate. When a party relies on a request for injunctive or declaratory relief to establish the amount in controversy, it "must show that the injunction will produce benefits flowing to the plaintiff that are sufficiently measurable and certain to satisfy the amount in controversy requirement." *Jackson-Shaw*

5

*Co. v. Jacksonville Aviation Auth.*, 510 F. Supp. 2d 691, 714 (M.D. Fla. 2007), *aff'd*, 562 F.3d 1166 (11th Cir. 2009) (citation omitted). Arena fails to do so.

The Estate seeks the release of $16,770 of dividend payments Arena withheld. There is no evidence before the Court that additional dividends have been deposited in the Account since the Estate filed suit in January. Yet Arena argues that the past dividend payments to the Estate show the amount in controversy will eventually exceed the jurisdictional limit. "However, [Arena] does little to elaborate on and does not provide evidence for this claim." *Lutz v. Protective Life Ins. Co.*, 328 F. Supp. 2d 1350, 1360–61 (S.D. Fla. 2004) (granting motion to remand where the defendant failed to "demonstrate the value of injunctive relief to any degree of certainty"). Arena does not state that it intends to issue additional dividends this year, or what the amount of any potential dividends will be. Because Arena provides insufficient facts regarding future dividend payments, the Court finds the Estate's request for injunctive relief does not establish the amount in controversy.

The Court also rejects Arena's argument that the amount in controversy is satisfied because the Estate seeks attorney's fees. Federal courts only consider attorney's fees "as of the time of removal . . . not those projected through a trial that may or may never occur." *Hernandez v. Scottsdale Ins. Co.*, 599 F. Supp. 3d 1226, 1231 (M.D. Fla. 2022) (quotation and citations omitted). "Here, [Arena] has provided no factual basis . . . for calculating

6

reasonable fees accrued at the time of removal." *Rodriguez v. Westchester Surplus Lines Ins. Co.*, No. 2:25-CV-741-KCD-NPM, 2025 WL 2908153, at *1 (M.D. Fla. Oct. 14, 2025); *see also Mavromatis v. Geovera Specialty Ins. Co.*, No. 8:18-CV-2146-T-60AEP, 2019 WL 3543707, *3 (M.D. Fla. Aug. 5, 2019) ("An unsubstantiated estimate of attorney's fees based solely on a party's conclusory belief is insufficient."). The mere fact that the Estate seeks attorney's fees is insufficient to establish the amount in controversy.

Arena's final argument that the Court should consider the value of the shares in assessing the amount in controversy fares no better. This case is about whether Arena can withhold dividend payments from the Estate while the Illinois Action progresses. The Arena shares themselves are not the "object of the litigation," so their value is irrelevant to determining the amount in controversy. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). In sum, Arena fails to show that diversity jurisdiction exists. So remand is warranted.

One more issue. The Estate argues it is entitled to attorney's fees and costs under 28 U.S.C. § 1447(c). Courts may award attorney's fees under § 1447(c) when ordering remand "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Because the Estate fails to demonstrate

7

Arena's basis for removal is objectively unreasonable, the Court declines to award fees.

Accordingly, it is now

**ORDERED:**

1. Plaintiff the Estate of Linda Yannone's Motion to Remand (Doc. 25) is **GRANTED**.

2. This action is **REMANDED** to the Twentieth Judicial Circuit, in and for Collier County, Florida.

3. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit, in and for Collier County, Florida with respect to Probate Division File # 25-CP-13.

4. The Clerk is further **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 7, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

8